[Crim. No. 16628. Second Dist., Div. Four. Sept. 11, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
LLOYD WILSON AUBREY, JR., Defendant and Appellant.

194

**COUNSEL**

Lloyd Wilson Aubrey, Jr., in pro. per., and Helen E. Simmons, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and James H. Kline, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**FILES, P. J.**—After a court trial, a jury having been waived, defendant was convicted of murder, first degree (Pen. Code, §§ 187, 189). He is appealing from the judgment.

This is the defendant's second trial. The first conviction, after a jury trial, was reversed because the jury had not been instructed properly on diminished capacity. (*People* v. *Aubrey* (1967) 253 Cal.App.2d 912 [61 Cal. Rptr. 772].) The conviction of defendant's companion in the killing was affirmed in *People* v. *Stephanson* (1968) 259 Cal.App.2d 181 [66 Cal. Rptr. 155].

Defendant and two companions, Stephanson and Daniel DeVough (aged 15), were drinking beer in a Burbank bar at closing time. Defendant suggested that they get a gun and go to Watts. Stephanson supplied a 16-gauge shotgun and defendant furnished the car. Defendant was driving when they left Burbank, but en route he moved over to the right side and let DeVough drive. Stephanson was in the back seat with the shotgun. As they passed the corner of Florence and Broadway in Los Angeles at about 3 a.m. they saw a Negro in a sailor uniform. Stephanson said, "Back up." (At the first trial DeVough had testified defendant said this.) DeVough did back up and Stephanson shot the sailor in the face, wounding him fatally. As the car drove away defendant asked "Did you get him?" A few minutes later Stephanson pointed the shotgun at the occupants of a passing car, but did not shoot.

About 10 minutes after the shooting, before defendant and his companions had left the area, they were arrested. Three live 16-gauge shotgun shells were found in defendant's pocket.

DeVough testified that defendant was drunk. The police officers who saw defendant at the time of his arrest testified that he was sober, that he had no difficulty in speech or bodily coordination, and that his faculties did not appear to have been impaired in any way.

■ No evidence whatever was offered by the defense at either trial. On the appeal following the first trial, we held the evidence sufficient to support a finding of first degree murder. The evidence at the second trial is not substantially different. There is a conflict in the evidence as to defendant's sobriety, but there is substantial evidence to support the finding of the trial court that defendant had the malice, intent and premeditation which are elements of murder in the first degree.

■ Defendant contends that Judge Walker should have disqualified himself because he had presided at defendant's first trial, and also at the

jury trial of defendant's companion, Stephanson, who was also found guilty of this murder. This is not a ground for disqualification. (Code Civ. Proc., § 170.) We note further that the record shows that after the first appeal had been decided and the case had been remanded to the superior court, defendant appeared, with counsel, before Judge Walker and personally consented to waive a jury and accept a trial before "this Court." There never was any suggestion by defendant in the trial court that Judge Walker should not preside at the retrial.

Defendant was fairly tried and justly convicted. The judgment is affirmed.

Jefferson, J., and Frampton, J.,* concurred.

A petition for a rehearing was denied September 25, 1970, and appellant's petition for a hearing by the Supreme Court was denied November 10, 1970.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.